UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER JETON HARALSON                                                            PLAINTIFF

V.                                            CIVIL ACTION NO. 3:23-CV-433-KHJ-MTP

HINDS COUNTY, et al.                                                            DEFENDANTS

ORDER

Before the Court are pro se Plaintiff Walter Jeton Haralson's [39, 43, 45, 47, 71, 72][1] motions. The Court denies the motions.

I.     Background

On April 29, 2024, the Court dismissed Defendants Tamera Sherneil Thomas, Andrew McGahey, Graham P. Carner, the City of Clinton, Sergeant Jackson, and Judge W.C. Purdie under 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). Order [30]. In a series of motions, Haralson asks the Court to reinstate those Defendants and to allow him counsel and an evidentiary hearing to discern whether he has claims against them. *See* [39]; [43]; [45]; [47]; [71]; [72]. The Court has considered Haralson's submissions and the relevant legal authority.

II.    Standard

"Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (cleaned up). This is true "even in the

---

[1] Although docketed as separate motions, the [71] and [72] motions are signed versions of the [47] and [43] motions, respectively.

absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (cleaned up).

III.   Analysis

The Court denies Haralson's motions for the reasons stated below.

A.   Defendant Thomas

Thomas was dismissed because she was not alleged to be a state actor. [30] at 4. Haralson admits that he does not know if she was a state actor. *See* [39] at 3–4; [43] at 4. He argues only that it is possible she and Lieutenant McGahey colluded to have him arrested for domestic violence because neither showed up to testify in court and she was not arrested for contempt of court. *See* [47] at 1–2. Without more, those bare allegations do not show that Thomas was a state actor.

B.   Defendant McGahey

Haralson argues McGahey lacked probable cause because (1) Haralson was not convicted, *see* [39] at 5; (2) McGahey's affidavit allegedly presented no proof "other tha[n] his word," *id.* at 4; and (3) Haralson does not know if McGahey is a "trustworth[y] source," [47] at 2. Haralson does not demonstrate a reason to reinstate this Defendant.

C.   Defendants Carner and Judge Purdie

For the first time, Haralson summarily claims that Carner colluded with Judge Purdie. *See* [47] at 3. Haralson also argues that Carner prejudiced him by causing him to be in jail for days longer than he should have been. *See id.* Haralson

admits, however, that he is entitled to have this jail time credited toward his current sentence. *See* [45] at 3–4. The request to reinstate Carner and Judge Purdie is denied.

    D.  Defendant City of Clinton

Haralson next states that a municipality is not immune if it is found to be at fault. *See* [71] at 4. He does not explain how the City was at fault or address the reason it was dismissed from the case. *See id.*

    E.  Defendant Sergeant Jackson

Sergeant Jackson was dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). [30] at 9–10. Haralson argues that the *Heck* bar does not apply because he allegedly cannot pursue his denial-of-jail-credit claim through a direct appeal. *See* [45] at 3. Inability to obtain relief on a sentence does not except a case from the *Heck* rule. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam) (discussing inability to obtain habeas relief).

    F.  Request for Counsel and a Hearing

Since the Court denies the motions to reconsider, it likewise denies the requests for counsel and a hearing. [39] at 1.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES pro se Plaintiff Walter Jeton Haralson's [39, 43, 45, 47, 71, 72] motions.

SO ORDERED, this 12th day of December, 2024.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE