IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WALTER JETON HARALSON**
**PLAINTIFF**

V.                                         CIVIL ACTION NO.: **3:23-cv-00433-KHJ-MTP**

**HINDS COUNTY, MISSISSIPPI,**
**TYREE JONES, OFFICER JAMES DOTSON,**
**OFFICER JIMIKIA SCOTT, DARRYL JACKSON, JR.,**
**AND JOHN AND JANE DOES 1-100                          DEFENDANTS**

**PLAINTIFF'S REBUTTAL IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Plaintiff Walter Haralson, by and through undersigned counsel, respectfully submits the following Rebuttal in Response to Defendants' Opposition to Plaintiff's Objections to the Report and Recommendation of United States Magistrate Judge Michael T. Parker entered on July 23, 2025.

## INTRODUCTION

Defendants argue that Plaintiff's Objections are insufficient and meritless because HCDC had a grievance procedure, Plaintiff signed an acknowledgment of receipt, and Plaintiff once filed a grievance about food. They claim these facts show no genuine issue of material fact exists. Defendants' arguments miss the point. The critical issue under the PLRA is not whether HCDC maintained a grievance policy on paper, but whether that grievance process was actually "available" to Plaintiff for the allegations of sexual harassment, retaliation, and staff misconduct raised in his Complaint. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016).

From the inception of this case, Plaintiff has consistently asserted that the grievance process at HCDC was not available to him. His *pro se* Complaint contains sworn answers stating there was no grievance procedure available for staff misconduct, and his later affidavit—submitted after he retained counsel and objected to the Report and Recommendation—provides additional detail about why the process was unavailable in practice. Defendants' reliance on a single food grievance and their attempt to exclude Plaintiff's affidavit ignore this record evidence and misapply the controlling law.

## ARGUMENT

**I.  Plaintiff's Objections Directly Address the Magistrate Judge's Exhaustion Finding**

Defendants contend Plaintiff did not make a meritorious objection. In fact, Plaintiff objected directly to the Magistrate Judge's finding that he failed to exhaust administrative remedies and pointed to record evidence showing otherwise. Plaintiff's *pro se* Complaint (Dkt. #1 at p. 5–7; Dkt. #1-1 at p. 9) stated that no grievance procedure was available at HCDC, that his verbal and written complaint was ignored. Plaintiff's affidavit and Exhibit A confirm the same (Ex. 1 at ¶¶ 13, 15, 27). This evidence demonstrates that remedies were not available to Plaintiff for the staff abuse and retaliation alleged in his Complaint. Contrary to Defendants' claim, Plaintiff has consistently maintained that remedies were unavailable—the affidavit merely expands and clarifies those allegations with additional detail.

**II.  Plaintiff's Failure to Respond to Summary Judgment Does Not Eliminate the Genuine Issue of Material Fact.**

While Plaintiff did not initially respond to Defendants' Motion for Summary Judgment, the record already contained evidence creating a genuine issue of material facts as to whether

remedies were available. Plaintiff's pro se Complaint contained answers in the exhaustion section:

- **Question B:** Asked whether HCDC had a grievance procedure. Plaintiff checked "No." Dkt. #1 at 5.
- **Question C:** Asked whether the procedure covered his claims. Plaintiff checked "Do not know" and wrote that he was never given the option. Id.
- **Question D:** Asked if he filed a grievance concerning the facts. Plaintiff checked "Yes" and explained he made "verbal [complaints] as well as to the judge (W.C. Purdie) and written note to staff; no answer." Id. at 6.
- **Question F:** Asked about further grievances. Plaintiff wrote there was "no grievance procedure" and that he complained verbally to staff with "no answer [sic] change in conditions." Id. at 7.

In his supplement to the Complaint, Plaintiff also stated that no grievance procedure was offered [sic] staff misconduct. Dkt. #1-1 at 9.

These answers confirm that Plaintiff asserted from the outset that no grievance procedure was available to him for the allegations in his Complaint. The Magistrate Judge erred by concluding there was no genuine issue of fact on this point. After the Magistrate issued the Report and Recommendation, Plaintiff retained the undersigned counsel and filed an Objection supported by an affidavit. The affidavit did not raise a new theory but provided greater detail about why remedies were not available, including intimidation, denial of forms, and retaliation. It reinforced what Plaintiff already stated in his Complaint: that exhaustion of his administrative remedies was not available.

III. **Defendants' "Food Grievance" Argument Disregards Established Supreme Court Law.**

Defendants argue that there is no genuine issue of fact because HCDC had a grievance policy, Plaintiff signed an acknowledgment, and he filed a food grievance. This argument misstates the issue. The question under the PLRA is not whether a grievance procedure exists on paper, but whether it was "available" to Plaintiff for the claims alleged.

As the Supreme Court held, "available" means "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). *Ross* identifies three circumstances when remedies are unavailable:

1. **Dead End:** Officers are unable or consistently unwilling to provide relief.
   – Plaintiff testified his verbal and PREA complaints were ignored, mocked, or met with retaliation (Ex. 1 ¶¶ 18, 22, 27).
2. **Opacity:** The system is so confusing it is incapable of use.
   – Plaintiff checked "Do not know" when asked if procedures covered his claims and explained he was never given the option (Dkt. #1 at 5).
3. **Thwarted by Intimidation/Misrepresentation:** Prison officials block access through threats or deception.
   – Plaintiff testified he was denied grievance forms, forced to water down a grievance under threat of retaliation, and threatened with violence if he complained about staff (Ex. 1 ¶¶ 18–20, 27).

The existence of a single food grievance does not establish availability for grievances involving staff sexual misconduct and retaliation. Remedies that exist in theory but are blocked in practice are not "available" under *Ross*.

The Supreme Court recently reaffirmed this in *Perttu v. Richards*, 605 U.S. 460, 469–79 (2025). There, the Court held that exhaustion is excused where prison officials interfered with grievances by intimidation and destruction of forms. *Id*. The Court also held that a jury must resolve factual disputes over exhaustion intertwined with the merits. *Id*. Plaintiff's circumstances mirror *Perttu* and require the same result.

### IV. Plaintiff's Affidavit May Properly Be Considered on De Novo Review

Defendants' argument that Plaintiff's affidavit cannot be considered is contrary to the law. The Fifth Circuit holds that district courts may consider new evidence submitted with objections. *Freeman v. Bexar Cnty.*, 142 F.3d 848, 852–53 (5th Cir. 1998). This discretion must be exercised with leniency toward pro se litigants. See *Performance Autoplex II Ltd. v. Mid–*

*Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003). In *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015), the Fifth Circuit reversed dismissal where a district court refused to consider a pro se inmate's objections explaining unavailability. The court emphasized the "traditional disposition of leniency" toward pro se litigants. Here, the Plaintiff was pro se at the time of summary judgment, and his affidavit expanded on what his Complaint already alleged. Excluding it would contradict *Freeman* and *Davis*.

## V.     Defendants Bear the Burden of Proving Availability

Exhaustion under the PLRA is an affirmative defense. Defendants bear the burden of proving that remedies were actually available. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). They cannot meet this burden by pointing to Plaintiff's food grievance while ignoring sworn testimony and Complaint answers showing that remedies were not available for staff misconduct. At a minimum, this creates a genuine factual dispute that precludes summary judgment.

## **CONCLUSION**

Plaintiff's Objections are specific, supported by the record, and consistent with Supreme Court and Fifth Circuit precedent. The Magistrate Judge's conclusion on exhaustion overlooked Plaintiff's pro se Complaint and exhibits. Plaintiff's affidavit—filed after retaining counsel—clarified and expanded on those consistent allegations. Because there is a genuine issue of material fact as to whether administrative remedies were available, the Court should reject the Report and Recommendation, deny Defendants' Motion for Summary Judgment, and allow this case to proceed on the merits.

Respectfully submitted this the 2nd day of September, 2025.

                                                                /s/ LaToya T. Jeter
                                                                LaToya T. Jeter, Esq. (MSB #102213)
                                                                Attorney for Plaintiff, Walter Jeton Haralson

OF COUNSEL:
LATOYA T. JETER, ESQ
BROWN BASS & JETER, PLLC
1755 Lelia Drive, Suite 400 (39216)
Post Office Box 22969
Jackson, Mississippi 39225
Telephone: (601) 487-8448
Facsimile: (601) 510-9934
Email: jeter@bbjlawyers.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, LaToya T. Jeter, do hereby certify that I have electronically filed a true and correct copy of the foregoing with the Clerk of Court via the ECF system, which sent notification to all counsel of record.

    William Robert Allen, Esq.
    Kevin J. White, Esq.
    Butler Snow, LLP
    1020 Highland Colony Parkway
    Ste 100
    Ridgeland, MS 39157
    P: (601)-948-5711
    Email: will.allen@butlersnow.com
    Email: kevin.j.white@butlersnow.com

    Charles E. Cowan, Esq.
    Charles Walter Kihm, Esq.
    Wise, Carter, Child & Caraway, PA
    P. O. Box 651 (39205-0651)
    Jackson, MS 39201
    601/968-5514
    Fax: 601/968-5519
    Email: cec@wisecarter.com
    Email:cwk@wisecarter.com

This the 2nd day of September, 2025.

                                             By: /s/ LaToya T. Jeter
                                                       LATOYA T. JETER